# NO. 12-18-00294-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE:* | § | |
| *ALFRED EUGENE AISHMAN, JR.,* | § | *ORIGINAL PROCEEDING* |
| *RELATOR* | § | |

### MEMORANDUM OPINION
### PER CURIAM

Alfred Eugene Aishman, Jr., acting pro se, filed this original proceeding in which he seeks an order requiring Respondent to rule on his motion for continuance and self-representation. On October 25, 2018, the Clerk of this Court notified Relator that his petition for writ of mandamus failed to comply with Texas Rules of Appellate Procedure 52.7 and 52.3(a)-(c), (f)-(g), and (j)-(k). The notice further informed Relator that his petition would be referred to the Court for dismissal unless he corrected the defects on or before November 5, 2018. On November 7, Relator filed a supplemental petition that still failed to comply with Rules 52.3(k) and 52.7. Relator states that he filed a copy of his motion with this Court in September 2018. That filing entitled "Response to Order and Dual Request for Continuance and Self Representation," however, predates the current original proceeding and was filed in a different original proceeding, cause number 12-18-00152-CR, which was denied on July 18, 2018. *See In re Aishman*, No. 12-18-00152-CR, 2018 WL 3454804 (Tex. App.—Tyler July 18, 2018, orig. proceeding) (mem. op., not designated for publication). Moreover, while this Court may take judicial notice of our own records, we note that Relator's "motion" is not file-marked by the Smith County District Clerk; thus, the record does not indicate if or when the actual motion was filed.

Texas Rule of Appellate Procedure 52.7 requires the relator to file a record as part of his petition in an original proceeding. *See* TEX. R. APP. P. 52.7. Specifically, a relator must file (1) a certified or sworn copy of every document that is material to his claim for relief and that was filed

in any underlying proceeding; and (2) "a properly authenticated transcript of any relevant testimony from any underlying proceeding, including any exhibits offered in evidence, or a statement that no testimony was adduced in connection with the matter complained." TEX. R. APP. P. 52.7(a). The relator must also furnish an appendix, the necessary contents of which include, in pertinent part, a certified or sworn copy of any order complained of, or any other document showing the matter complained of and, unless voluminous or impracticable, the text of any rule, regulation, ordinance, statute, constitutional provision, or other law (excluding case law) on which the argument is based. TEX. R. APP. P. 52.3(k)(1)(A), (C).

It is a relator's burden to provide this court with a sufficient record to establish the right to mandamus relief. *In re Daisy*, No. 12-13-00266-CR, 2014 WL 5577068, at \*2 (Tex. App.—Tyler Aug. 29, 2014, orig. proceeding) (mem. op., not designated for publication). In this case, Relator did not provide the record or appendix in accordance with Rules 52.7 and 52.3(k). Absent a record, this Court cannot determine whether Relator is entitled to mandamus relief. *See **In re McCreary***, No. 12-15-00067-CR, 2015 WL 1395783 (Tex. App.—Tyler Mar. 25, 2015, orig. proceeding) (mem. op., not designated for publication). Thus, we ***deny*** Relator's petition for writ of mandamus.

Opinion delivered November 14, 2018.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**NOVEMBER 14, 2018**

**NO. 12-18-00294-CR**

**ALFRED EUGENE AISHMAN, JR.,**
Relator
V.

**HON. CHRISTI J. KENNEDY,**
Respondent

### ORIGINAL PROCEEDING

ON THIS DAY came to be heard the petition for writ of mandamus filed by Alfred Eugene Aishman, Jr.; who is the relator in Cause No. 114-1136-05-A, pending on the docket of the 114th Judicial District Court of Smith County, Texas. Said petition for writ of mandamus having been filed herein on October 25, 2018, and the same having been duly considered, because it is the opinion of this Court that the writ should not issue, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, hereby **denied**.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*